Judge Mixxs
delivered the Opinion of the Court.
This is an action on the case for malicious prosecution. On the trial of the issue of not guilty, the counsel for the defendant below, moved the court to instruct the jury as in case of a non-suit; but the court overruled that motion, and the defendant ex» cepted, and has prosecuted this writ of error to reverse the judgment rendered against him, and the consideration of the decision of the court below overruling the motion to non suit the plaintiff, presents the most material question for our consideration.
We are of opinion that the motion ought to have prevailed, The allegations and proof of the plaintiff below disagreed too widely to sustain his action. . .
He alleges, in substance, that the defendant caused a justice of the peace to issue a warrant against him, on a charge of felony — whereby he was arrested and imprisoned a number of hours, and iheri *209 brought before a justice of the . peace, by whom, he was committed for further tria!, and stood imprisoned many days, until he was, on the same charge, brought before a grand jury of the county, and by them and the court fully discharged out of custody, and by the grand .jury found not guilty of the supposed offence, by their returning the bill of indictment, exhibited against him, not a true bill, by reason whereof he was discharged,
The evidence’s.
It must he shewn in the declaration fur malicious prosecution that the prosecution is determined— —Thisisdone by an 'averment that the grand jury returned the indictment not a true bill ami pl’tf. was thereupon discharged.
But—
To maintain these allegations, (that the indictment was rc‘ turned not a true hill and plaintiff discharged,) parol evidence is insufficient the record must be pro, duced.
Evidence that plaintiff Was carried before the justice of the peace, without any farther account Sí i ho matter, ■will not maintain the action.
*209 To support these allegations, he introduced"the warrant issued on the application of the defendant, and the constable’s return thereon, stating that he had been brought before two justices of the peace* but it was not shewn how they disposed of him. He further proved by parol, that at the next circuit court, the grand jury in their retirement took up the case, and heard the evidence, without any bill of indictment being laid before them, and (bat they sent for the attorney of the commonwealth, who expounded to them the law upon the subjects whereupon the grand jury determined that they would neither present nor indict him, and no bill of indictment was ever written or laid before them, nor was any notice of the case taken on the records of the court or any discharge produced.
The law is well settled that before this action can be maintained the prosecution must be. determined, and how it was determined the plaintiff must shew in his declaration, in order that the court may see that it is really ended.
No doubt such a determination of the prosecution was sufficiently shewn by the allegations made in this declaration.
But the plaintiff has not supported them by proof.
He has confined himself to an accquittal of record, and then attempts to shew an acquittal without record, which is wholly inadmissible. For “if the bill of indictment was returned by the grand jury not a true bill, .or if the plaintiff was acquitted on the trial of the prosecution, these facts can only be proved by the original record, or by an examined copy of the record. Phil. Ev. 2 vol. p. 111.
It is, therefore, unnecessary for us to say whether the plaintiff below can or cannot sustain any action, *210 on the proof fie has adduced, which drops the prosecution in silence after his appearance before two magistrates, and may yet be progressing; for he certain!y cannot support this action by the proof adduced, under the present state of the pleadings.
Turner for plaintiff; Brcch for defendant.
The judgment must, therefore, be reversed, with costs, and the verdict be set aside and the cause be remanded for new proceedings, not inconsistent with this opinion.